USX CORPORATION v DEPARTMENT OF TREASURY

Docket No. 111617. Submitted July 12, 1990, at Lansing. Decided October 19, 1990; approved for publication January 29, 1991, at 9:20 A.M.

USX Corporation brought an action in the Court of Claims to recover taxes, alleging that in 1976 the Department of Treasury had erroneously interpreted the Michigan Single Business Tax Act when it excluded from the sales portion of the apportionment formula proceeds from the redemption and sale by the plaintiff of certain investment securities. The court, Thomas L. Brown, J., held that proceeds from the sale of the investment securities were sales within the meaning of the Single Business Tax Act and that the plaintiff was entitled to a refund. The defendant appealed.

The Court of Appeals *held:*

The plaintiff was neither engaged in the business of selling securities to third parties nor licensed or registered to make sales of such securities. The evidence presented showed that the plaintiff had purchased and sold the securities for its own account. Transactions of that type are not sales within the meaning of the Single Business Tax Act. Because the trial court improperly characterized the plaintiff's investment activities as sales under the act, the court erred in granting the plaintiff the requested tax relief.

Reversed and remanded.

*Foster, Swift, Collins & Smith, P.C.* (by *Patrick R. VanTiflin*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Richard R. Roesch* and *Terry P. Gomoll,* Assistant Attorneys General, for the defendant.

Before: BRENNAN, P.J., and MACKENZIE and WEAVER, JJ.

Per Curiam. Plaintiff began this litigation in 1982. The appeal before us arises from an amended complaint which alleged that for the calendar year 1976 defendant erroneously interpreted the Single Business Tax Act. Plaintiff complained that as a result it overpaid taxes by $791,-260.21 and was entitled to a refund and relief under § 69 of the act, MCL 208.69; MSA 7.558(69). Following a bench trial, the court entered judgment in favor of plaintiff. Defendant now appeals as of right. We reverse.

The Michigan Single Business Tax Act sets forth a procedure by which a multistate taxpayer's tax base is apportioned to Michigan. MCL 208.45; MSA 7.558(45). One factor in this apportionment formula is the ratio of total sales in Michigan to total sales everywhere. Plaintiff argued that defendant improperly excluded from the formula the proceeds from the sale of securities and investment paper. The court found that plaintiff's receipts due to the redemption and sales of certificates of deposit and other securities constituted sales under § 7(1) of the Single Business Tax Act, MCL 208.7(1); MSA 7.558(7)(1), and should have been included in the computation of the sales factor.

"Sale" is defined in § 7(1) as

the gross receipts arising from a transaction or transactions in which gross receipts constitute consideration: (a) for the transfer of title to, or possession of, property that is stock in trade or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the tax period or property held by the taxpayer primarily for sale to customers in the ordinary course of its trade or business, or (b) for the performance of services, which consti-

tute business activities other than those included in (a), or from any combination of (a) or (b).

The relevant investment securities consisted of CDs, commercial paper, stocks, and bonds. The securities were acquired from the issuers and then redeemed or resold to banks or investors.

Plaintiff's thesis is that these investment activities constitute sales.[1] To hold that the investments were sales, the trial court must have found that the CDs and other securities constituted stock in trade or inventory, or were held "primarily for sale to customers in the ordinary course of business." However, the trial court did not find that plaintiff was in the business of selling securities to third parties; nor did plaintiff show that it was licensed or registered by the Securities and Exchange Commission or the State of New York as a dealer in marketable securities. Plaintiff's major lines of business were manufacturing, chemicals, resource development, fabricating, engineering, domestic transportation, and utilities. The only evidence presented showed that the plaintiff was purchasing and selling securities for its own account.

We conclude that the trial court's characterization of plaintiff's investment activities as sales is not supported by the evidence and that the receipts from these activities do not fall within the definition of sale found in § 7(1).

[1] To support this argument plaintiff relies on *United States Steel Corp v Wisconsin Dep't of Revenue,* Wisconsin Tax Appeal Comm, May 9, 1985 (Docket No. I-6578). This reliance is misplaced; the Wisconsin definition of "sales" is much broader and more general, providing:

[T]he term "sales" for purposes of the sales factor [is defined] as "generally all gross receipts derived by a taxpayer from transactions and activities in the course of its regular trade or business operations which produce business (apportionable) income." [*Id.*, p 35, quoting Wis Adm Code, § Tax 2.39(5)(a).]

Defendant also complains that the court erred in granting plaintiff relief under § 69 of the Single Business Tax Act. The trial court's grant of relief under that act was conditioned on its finding that defendant had incorrectly categorized plaintiff's investment activities. Because, as shown above, the defendant did not incorrectly categorize plaintiff's investment activities, the trial court erred in granting plaintiff relief under § 69 of the Single Business Tax Act. *Trinova Corp v Dep't of Treasury,* 433 Mich 141; 445 NW2d 428 (1989), cert gtd — US —; 110 S Ct 1317; 108 L Ed 2d 492 (1990).

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.